**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DAVID V.,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP-26-cv-00185-RFC** |
| | § | |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER**

On this day, the Court considered Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d), ECF No. 12 [hereinafter "Mot."]. In his Motion, Plaintiff seeks an award of fees and expenses under the Equal Access to Justice Act ("EAJA"), made payable to Plaintiff in the care of Plaintiff's attorney's, Konoski & Partners, P.C. *Id.* For the following reasons, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

The calculations offered by Plaintiff's counsel indicate that his firm is owed $1,417.03 in hourly costs and fees, covering 2.5 hours worked by his attorney at a rate of $254.81 per hour and 5.5 hours worked by paralegals at an hourly rate of $120.00. Mot. 4–5. The Commissioner does not oppose Plaintiff's request. *See* Mot., Certificate of Conferral, ECF No. 12-1.

## II. DISCUSSION

Under the EAJA, a plaintiff who prevails in a civil action against the United States is entitled to reasonable legal fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A); § 2412(d)(2)(A). A party is eligible to receive reasonable fees and expenses where (1) "the claimant is a 'prevailing party,'" *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (quoting *Sims v. Apfel,* 238 F.3d

597, 599–600 (5th Cir. 2001); (2) the request is made within thirty days of the judgment becoming "not appealable," *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); and (3) the government's position was neither "substantially justified" nor were there "special circumstances mak[ing] the award unjust," § 2412(d)(1)(A).

First, "a plaintiff is a 'prevailing party' under the EAJA 'if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit.'" *Davidson*, 317 F.3d at 506 (quoting *Sims,* 238 F.3d at 599–600). The Court found in favor of Plaintiff on a significant issue when it reversed and remanded the Commissioner of the Social Security Administration's decision to deny Plaintiff disability insurance benefits. *See* Order Reverse & Remand Further Admin. Proceedings, ECF No. 10. Accordingly, Plaintiff is a prevailing party.

Next, "Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment." *Schaefer*, 509 U.S. at 302. The Court entered a final judgment on the case on April 14, 2026. *See* Final Judgment, ECF No. 11. Thus, Plaintiff's Motion, filed on June 3, 2026, falls within the allotted time frame.

Finally, "[t]he burden of proving substantial justification falls to the Government" *Davidson*, 317 F.3d at 506 (citing *Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir. 1986)), as does "the burden of demonstrating the existence of special circumstances that would render an award unjust," *Russell v. Nat'l Mediation Bd.*, 775 F.2d 1284, 1290 (5th Cir. 1985) (citing *Knights of the Ku Klux Klan v. East Baton Rouge Par. School Board,* 679 F.2d 64, 68 (5th Cir. 1982)). Because Defendant presents no argument demonstrating that either condition exists, the Court finds this final requirement is satisfied. Plaintiff is therefore entitled to reasonable legal fees and expenses.

However, any legal fees and expenses awarded under the EAJA must be reasonable. § 2412(d)(2)(A). Courts within the Fifth Circuit assess the reasonableness of costs and fees in light of the guidelines set forth in in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). While *Johnson* provides the courts with twelve factors to consider, courts need not examine each factor explicitly or independently. *See Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (citing *Cobb v. Miller,* 818 F.2d 1227, 1232 (5th Cir. 1987)).[1]

This Court, along with other courts within this circuit, have found that fees similar to or exceeding those calculated by Plaintiff's counsel are reasonable. *See, e.g., Marquez v. O'Malley,* No. EP-24-CV-00327-RFC, 2025 WL 100517, at *1 (W.D. Tex. Jan. 13, 2025) (N.D. Tex. 2015) (prevailing plaintiff reasonably calculated attorney's hourly rate at $251.25 and paralegal rate at $120.00 per hour); *Williams v. Berryhill*, No. 3:17-CV-3277-B-BN, 2019 WL 3006812, at *3 (N.D. Tex. July 10, 2019) (finding fees calculated to compensate 65.5 hours of attorney work reasonable). In light of the relatively modest request for attorney's fees and the amount of labor presumably required to review the transcript and obtain favorable results, the Court finds that counsel's calculations appear to be a fair appraisal of the work performed.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion, ECF No. 12, is **GRANTED**.

---

[1] The twelve factors address:
(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
*See Sanders,* 2005 WL 2285403, at *2 n.2 (citing *Johnson,* 488 F.2d at 717–19).

**IT IS FURTHER ORDERED** that Plaintiff shall be awarded $1,417.03 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), subject to any administrative offset, made payable to Plaintiff and mailed to Plaintiff's attorney at the attorney's address on record.

**SIGNED** this 28th day of July, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**